**ZHEN PIN WANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–2790–AG.

United States Court of Appeals, Second Circuit.

Feb. 24, 2006.

Farah Loftus, New York, NY, for Petitioner.

Emily Berger, Assistant United States Attorney (Bonnie S. Klapper, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Respondent.

PRESENT: THOMAS J. MESKILL, JOSÉ A. CABRANES and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 24th day of February, Two thousand and six.

**UPON CONSIDERATION WHERE-OF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that the petition for review is hereby **DENIED.**

Zhen Pin Wang, through counsel, petitions for review of an April 28, 2004 Order of the BIA affirming a January 17, 2003 decision of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review an IJ's decision, as modified by the BIA, where, as here, the BIA has adopted only part of the IJ's decision. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the IJ's factual findings for substantial evidence, applying a "highly deferential" standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiao Ji Chen v. USDOJ,* 434 F.3d 144, 157 & n. 9 (2d Cir.2006). "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbably testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir. 2004) (internal quotation marks omitted).

■ Upon our review of the record as a whole, we hold that the IJ's adverse credibility finding is supported by substantial evidence. For example, the IJ specifically noted that Wang was "not clear" as to when he was discovered to be a practitioner of Falun Gong. Although Wang had stated in his application that the Government discovered him practicing Falun Gong in January 2001, he testified that the Government made the discovery in 2000. When asked to clarify which date was correct, he responded "2000, 2001." Additionally, Wang first testified that his father had practiced Falun Gong, then stated that the Government only thought that his father also practiced Falun Gong. Moreover, Wang failed to corroborate that he practiced Falun Gong. As the IJ noted, Wang's aunt indicated that she did not know what Falun Gong was, and that she had merely observed Wang in his room "doing some actions." The background materials provided by Wang did not specifically indicate why he would be implicated as a Falun Gong practitioner.

■ In an effort to corroborate his account of persecution, petitioner submitted a notarial birth certificate, household register, background material on Falun Gong, and four declarations of family members and family friends. The IJ noted that "none of the foreign documents which [Wang] offered were authenticated in accordance with the Code of Federal Regulations and are of limited probative value, particularly in light of the indication in the State Department's *Profile* on country conditions and comments on asylum applications ... that Chinese documents are no[t] reliable." With regard to the authentication of official records, such as petitioner's birth certificate, the Code of Federal Regulations "contemplates formal attestation by a foreign official who has seen the

relevant document and subsequent certification by an American official." *Boroviko-va v. USDOJ,* 435 F.3d 151, 158 n. 10 (2d Cir.2006); *see* 8 C.F.R. § 1287.6(b) (requiring that "an official [foreign] record or entry therein, when admissible for any purpose, shall be evidenced by an official publication thereof, or by a copy attested by an officer so authorized" and that the "attested copy ... must be certified by an officer in the Foreign Service of the United States, stationed in the foreign country where the record is kept.")

While this Court has previously adopted the position that this regulation "is not the exclusive means of authenticating records before an immigration judge' in part, because 'asylum applicants can not always reasonably be expected to have an authenticated document from an alleged persecutor,' " *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 404 (2d Cir.2005) (quoting *Gui Cun Liu v. Ashcroft,* 372 F.3d 529, 532 (3d Cir.2004)), the IJ's refusal to accept the documents was clearly appropriate in this particular case due to the explicit reference to the State Department Report warning that Chinese documents are not reliable.

Although the IJ's reliance on numerous inconsistencies in the record and her rejection of petitioner's documents were based on sound legal and factual grounds, we note that one of the IJ's conclusions was not based on substantial evidence. In her opinion, the IJ relied on petitioner's alleged admission that "he could have remained in Shanghai without problem, as to the Falun Gong issue, but elected not to do so." Reliance on this ostensible inconsistency was erroneous. Nothing in the record supports this conclusion other than petitioner's statement that after he was allegedly discovered practicing Falun Gong in a friend's home he fled to Shanghai to live with his second cousin and, at her home, "practice[d] Falun Gong." The IJ's inferential jump from petitioner's statement that he practiced Falun Gong in Shanghai to her conclusion that he practiced Falun Gong in Shanghai without fear of persecution is unreasonably speculative. *See Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir.2002) ("Adverse credibility determinations based on speculation or conjecture, rather than on evidence in the record, are reversible."). Nevertheless, considering the record as a whole and taking note of all of the inconsistencies indicated by the IJ, we "can state with confidence that the same decision would be made on remand." *Xiao Ji Chen v. United States Dep't of Justice,* 434 F.3d 144, 161–62 (2d Cir.2006). Thus, had the IJ not relied on her finding that petitioner could practice Falun Gong in Shanghai uninhibited, we believe that the IJ would have found petitioner to be incredible "based on the strength of the evidence supporting the error-free findings and the significance of those findings." *Id.*

Because the IJ's credibility determination is supported by substantial evidence notwithstanding the erroneous reliance on petitioner's uninhibited ability to practice Falun Gong in Shanghai, and because (1) we conclude that the IJ's refusal to accept petitioner's records in this case was appropriate and (2) we agree with the IJ's assessment that the documents petitioner sought to introduce—including the declarations—were of "limited probative value" in view of the whole record, we hold that the petition was properly denied.

\* \* \* \*

For the foregoing reasons, the petition for review with respect to Wang's claims is **DENIED.** Any pending stay of removal is **VACATED** as moot.